UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT, | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-CV-438 NCC |
| SHERIE L. KORNEMAN, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Timothy Wright's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner will be ordered to amend his petition on a Court-provided form.

**Background**

Based on an independent review on Case.net, Missouri's online case management system, petitioner was convicted of one count of first degree burglary, four counts of first degree sodomy, and three counts of first degree rape, following a jury trial in Pike County, Missouri in April 2015. *Missouri v. Wright*, No. 14PI-CR00035-01 (45th Jud. Cir., Pike Cty.). On June 19, 2015, petitioner was sentenced for all eight counts, resulting in a total of sixty (60) years imprisonment. Petitioner appealed and the Missouri Court of Appeals affirmed the judgment on August 30, 2016. *Missouri v. Wright*, No. ED103126 (Mo. Ct. App. E.D.). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

On November 7, 2016, petitioner filed a motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15. *Wright v. Missouri*, No. 16PI-CC00067 (45th Jud. Cir., Pike Cty.). The motion was denied on January 11, 2018. Petitioner appealed and the

Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on February 26, 2019. *Wright v. Missouri*, No. ED106426 (Mo. Ct. App. E.D.). The Court of Appeals issued its mandate denying the motion on March 22, 2019.

## The Petition

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his April 2015 Pike County Court conviction. ECF No. 1. On his petition, in the section for stating the grounds on which he is challenging the conviction, petitioner writes only "All on Packet." *Id.* at 4. Presumably, petitioner is referring to the 56 pages of documents included with the petition. ECF No. 1-1. These documents appear to be Missouri Court of Appeals filings and orders issued.

## Discussion

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is deficient in that petitioner neglected to set forth any grounds for relief. Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts requires petitioner to "specify all grounds for relief available to the petitioner" and to "state the facts supporting each ground." Petitioner is also required to demonstrate that he has exhausted his state remedies. *See White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) ("It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court").

Here, petitioner states no grounds for relief, or facts supporting those grounds, on his petition. Instead, he simply refers the Court to attached documents. This is not permissible. It is not the Court's role to search through exhibits to attempt to determine petitioner's grounds for relief. Rule 2(c) requires petitioner to "specify" all grounds for relief. Moreover, since

petitioner has not provided any grounds for relief, it is not possible to determine whether he has exhausted those grounds in state court.

Therefore, the Court will order petitioner to amend his petition on a Court-provided § 2254 form. Petitioner is directed to fill out the form, sign it, and return it to the Court. In completing the form, petitioner should follow the directions contained therein. Specifically, he must allege his grounds for relief and provide facts to support each ground. He is cautioned that only those grounds that he has exhausted in state court will be allowed to proceed in federal court. That is, the grounds he presents in his § 2254 petition must be the same as those he presented to the Missouri Appellate Courts in his direct appeal and the appeal on his Rule 29.15 motion. Petitioner is also cautioned that if he fails to assert all grounds for relief, he may be barred from presenting additional grounds at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to petitioner a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall amend his petition on the Court-provided form in compliance with the directions in the court order, and return the signed amended petition within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, his action will be summarily dismissed.

Dated this 9th day of April, 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE