UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT, | ) |
|       Petitioner, | ) |
| v. | )   No. 4:20-CV-438 NCC |
| SHERIE L. KORNEMAN, | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Timothy Wright's response to the Court's May 18, 2020 Order, directing petitioner to show cause as to whether his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was timely filed in this matter. ECF No. 8. Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit. For the reasons discussed below, the Court finds that this action should be dismissed as time-barred under 28 U.S.C. § 2244.

**Background**

**I.    State Court Conviction**

Based on an independent review on Case.net, Missouri's online case management system, petitioner was convicted of one count of first degree burglary, four counts of first degree sodomy, and three counts of first degree rape, following a jury trial in April 2015. *Missouri v. Wright*, No. 14PI-CR00035-01 (45th Jud. Cir., Pike Cty.). On June 19, 2015, petitioner was sentenced for all eight counts, resulting in a total of sixty (60) years imprisonment. Petitioner appealed and the Missouri Court of Appeals affirmed the judgment on August 30, 2016. *Missouri v. Wright*, No.

ED103126 (Mo. Ct. App. E.D.). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

On November 7, 2016, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 29.15. *Wright v. Missouri*, No. 16PI-CC00067 (45th Jud. Cir., Pike Cty.). The motion was denied on January 11, 2018. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on February 26, 2019. *Wright v. Missouri*, No. ED106426 (Mo. Ct. App. E.D.). The Missouri Court of Appeals issued its mandate denying the motion on March 22, 2019.

## II. Instant § 2254 Petition

Petitioner filed this suit seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his April 2015 Missouri court conviction. ECF No. 1. Petitioner's initial § 2254 petition was received and filed by this Court on March 24, 2020. ECF No. 1 at 1. Petitioner used a court-form § 2254 petition, which contains the following declaration on the final, signature page:

> I declare (or certify, verify or state) under the penalty of perjury that the foregoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on  April 3, 19  (month, date, and year).

*Id.* at 13.

However, on this initial petition, in the section for stating the grounds on which he is challenging the conviction, petitioner wrote only "All on Packet." *Id.* at 4. In an Order issued April 9, 2020, this Court found the initial petition defective for failing to state any grounds for relief as required by Rule 2(c) of the Rules Governing §2254 Cases in the United States District Courts. ECF No. 5. As a result, the Court directed petitioner to amend his petition on a court-provided form. Petitioner filed his amended petition on April 27, 2020. ECF No. 6.

Because the declaration on the signature page of the petition contained an incomplete date, the Court ordered petitioner to show cause, in writing, as to the date he delivered his initial § 2254 petition to prison authorities for mailing to the Clerk of the Court. *See* ECF No. 7.

### Show Cause Response

On May 26, 2020, petitioner filed a letter with the Court stating: "The DATE I gave [the § 2254 petition for writ of habeas corpus] to staff to be sent out the very first time was March 20, 2020 then it was sent back to me [and] I sent it back out before the 30 days [were] up [which] was April 9, 2020." ECF No. 8. Petitioner goes on to request the appointment of counsel in this matter to assist him.

### Discussion

The instant petition is time-barred and will be dismissed. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

When a petitioner does not appeal to a state's highest court, the United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a

conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. Sup. Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it; however, they are **not** "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Additionally, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006).

Here, petitioner's direct appeal was affirmed by the Missouri Court of Appeals on August 30, 2016. Petitioner did not file a motion to transfer. Thus, his time for seeking direct review in the Missouri Supreme Court expired on September 14, 2016, fifteen days after the judgment was affirmed. However, petitioner did not file his motion for post-conviction relief until November 7, 2016. As explained above, petitioner's post-conviction proceedings were not "pending" between

September 14, 2016, and November 7, 2016. As such, this 54-day period counts towards petitioner's one-year statute of limitations under the AEDPA. On March 22, 2019, when the post-conviction mandate was issued, petitioner's post-conviction proceedings became final and the AEDPA period began running again. Because 54 days of the one-year period had already run, petitioner needed to file his § 2254 petition within 311 days from the March 22, 2019, mandate, or by January 27, 2020.

In this case, petitioner declares on the final page of his § 2254 petition that he placed it in the prison mailing system on "April 3, 19." ECF No. 1 at 13. Because this date was unclear, the Court ordered petitioner to clarify the date he delivered his initial § 2254 petition to prison authorities for mailing to the Clerk of the Court.[1] Petitioner clarified the date as March 20, 2020. Because the petition was not delivered for mailing by January 27, 2020, it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

The Court acknowledges that the statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and

---

[1] Under the "prison-mailbox rule," the effective date of a pro se prisoner filing is "the date the prisoner deposits it in the prison mail system for forwarding to the district court." *Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1994).

infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

In this case, petitioner asserts that he not good at reading and writing, that he was in "special needs school" growing up, and that he needs assistance from an attorney in this matter. ECF No. 8 at 1. However, according to the Eighth Circuit, a prisoner's *pro se* status, lack of legal knowledge or resources, his confusion about or miscalculations of the limitations period, or his failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are not adequate to warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). In addition, the need for post-conviction counsel is a typical obstacle faced by many, if not most, habeas petitioners, and an attempt to obtain counsel is not considered an extraordinary circumstance for purposes of equitable tolling. *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006). Furthermore, for equitable tolling to apply based on a prisoner's mental condition, the prisoner must show how his condition kept him from diligently pursuing his federal rights. *See Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (explaining that prisoner who was on restrictive treatment-precaution conditions for three months of his twelve-month statute of limitations period failed to show why he could not have filed his federal habeas petition in the remaining nine months).

In this case, petitioner's written letters to the Court have been understandable and logical. In addition, petitioner attached a letter from his public defender in his state court matter, dated April 3, 2019, explaining the process for filing a federal habeas action and providing the necessary documents to file. ECF No. 8 at 2. Petitioner provides no explanation as to why he could not timely file his petition by January 27, 2020, after receiving that information in April 2019. As

6

such, the Court finds that petitioner has failed to establish the necessary elements for equitable tolling to apply here.

Having determined that the petition was untimely filed, and having considered petitioner's response, the Court will dismiss the action pursuant to Rule 4(b) of the Rules Governing Section 2254 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas brought pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 8] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will be filed herewith.

Dated this 24th day of June, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE