UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-438 NCC |
| ) | |
| SHERIE L. KORNEMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented petitioner Timothy Wright to reopen this case. The Court denied and dismissed this 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred on June 24, 2020. Having reviewed the arguments in plaintiff's motion, the Court finds no grounds for altering or amending its judgment. Plaintiff's motion will be denied.

### Background

Petitioner was convicted in Missouri court of one count of first-degree burglary, four counts of first-degree sodomy, and three counts of first-degree rape, following a jury trial in April 2015. *Missouri v. Wright*, No. 14PI-CR00035-01 (45th Jud. Cir., Pike Cty.). On June 19, 2015, petitioner was sentenced for all eight counts, resulting in a total of sixty (60) years imprisonment.

Petitioner filed this suit seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his April 2015 Missouri court conviction. ECF No. 1. After an extensive examination of petitioner's state court history and the relevant case law, the Court found that petitioner needed to sign and submit his § 2254 petition for mailing by January 27, 2020, in order for it to be timely filed under the applicable statute of limitations. *See* 28 U.S.C. § 2244(d); ECF

No. 9 at 3-5. However, petitioner did not actually sign and mail his petition until March 20, 2020. ECF No. 8.

In its dismissal Order, the Court acknowledged that the statute of limitations is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). Petitioner argued that equitable tolling should apply to his case because he is not good at reading and writing, because he was in "special needs school" growing up, and because he needs assistance from an attorney in this matter. *See* ECF No. 8 at 1. The Court evaluated petitioner's arguments and found that he failed to establish the necessary elements for equitable tolling to apply. As such, the Court found the § 2254 petition time-barred and dismissed this petition. ECF Nos. 9-10.

## Motion for Reconsideration

On July 8, 2020, petitioner filed a letter with the Court asking that his case be reopened. Petitioner explained that he had previously been incarcerated at Crossroads Correctional Center where he was on lockdown from March 2018 to June 2019 due to a riot "that destroyed the prison." ECF No. 11 at 1. Petitioner states that he was then moved to "Cameron Correctional Center" (most likely, Western Missouri Correctional Center in Cameron, Missouri, where petitioner is currently incarcerated). *Id.* However, the facility was not "up and running yet" so he did not have access to the law library until December 2019. Petitioner argues that his lack of "time to work on his case" and lack of law library access, constitutes extraordinary circumstances that prevented timely filing and justifies equitable tolling.

## Discussion

Presumably, petitioner seeks the reopening of his case under Federal Rule of Civil Procedure 59(e) – although he cites no legal rule in his letter to the Court. Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the

judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001

In his request to reopen this matter, petitioner submits another argument for equitable tolling. This argument could have been presented prior to judgment and does not assert a manifest error of law or present newly discovered evidence, as required for Rule 59(e) relief. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. In addition, even if petitioner had presented this argument for equitable tolling along with his other earlier-presented arguments, the Court finds that petitioner's new argument does not justify tolling of the statute of limitations here.

As discussed in the Court's dismissal of this case, petitioner's Missouri state court post-conviction mandate was issued on March 22, 2019, making his post-conviction proceedings final. ECF No. 9 at 5. However, 54 days of the one-year limitations period had already run, so

petitioner needed to file his § 2254 petition by January 27, 2020. *Id.* In his letter to the Court requesting relief, petitioner does not dispute that his petition was filed late, and he acknowledges the Court's finding that he needed to mail his § 2254 petition by January 27, 2020. *See* ECF No. 11 at 1 ("My mandate was issued March 22, 19 so I had till Jan 27, 2020").

Petitioner had from March 2019 until January 27, 2020 to file a timely § 2254 petition. According to petitioner, he was on lockdown at Crossroads Correctional from March to June 2019. Petitioner attached to his pleadings a letter from his state court public defender, dated April 3, 2019, explaining the process for filing a federal habeas action and providing the necessary documents to file. *See* ECF No. 8 at 2. Even if petitioner lacked law library access until December 2019, he still had over a month with library access to timely submit his § 2254 petition. Petitioner already had the appropriate forms and documents to file. The Court finds that petitioner was not diligently pursuing his rights, and that the lockdown and delayed library access do not constitute extraordinary circumstances that prevented timely filing. *See Holland*, 560 U.S. at 649.

Petitioner's letter, which the Court construes as a motion for relief under Rule 59(e), is denied. Petitioner's argument for equitable tolling could have been raised prior to judgment, and therefore, Rule 59(e) relief is not appropriate. In addition, petitioner failed to establish the necessary elements of equitable tolling in his letter requesting that the Court reopen this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case, construed as a motion to alter or amend judgment under Rule 59(e) [ECF No. 11], is **DENIED**.

Dated this 4th day of August, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE